IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARLEN TSCHUDIN,<br><br>         Plaintiff,<br><br>v.<br><br>BRUMBAUGH & QUANDAHL, P.C.,<br>LLO<br><br>         Defendant. | Case No. _____<br><br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL** |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA" or "the Act") as well as the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff Arlen Tschudin is a natural person who resides in Norfolk, Madison County, Nebraska, and is a "consumer" as that term is defined by 15 U.S.C.

-1-

§ 1692a(3) or a person affected by a violation of that law.

5.      Defendant Brumbaugh & Quandahl, P.C., LLO ("Defendant B & Q"), is a law firm and debt collection agency operating from a corporate office address of 4885 S. 118TH St., #100, Omaha, NE 68137 and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.      Plaintiff obtained a loan to attend a school of higher education in 2005.

8.      Due to financial difficulties Plaintiff was unable to make payments on the loan and it went into default.

9.      This defaulted financial obligation was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by §1692a(5) of the Act.

10.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant B & Q for collection.

### *State Court Lawsuit*

11.      On or about October 1, 2013, Defendant B & Q, filed a lawsuit against Plaintiff in the County Court of Madison County, Nebraska. The suit was styled as *NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, Assignee vs. ARLEN TSCHUDIN, WILMA TSCHUDIN*, case number CI 13-XXXXX (hereinafter "state court complaint").

### *Invasion of Plaintiff's Privacy by Illegal Disclosures of Highly Sensitive Personal Identifiers*

-2-

12.    Defendant B&Q included Plaintiff's financial account number of the loan provided by the original lender in an exhibit that was attached to the state court complaint, which is information prohibited by Nebraska law from its public disclosure in a court filing. Neb. Ct. R. § 6-1464(A).

13.    Defendant B&Q included also Plaintiff's date of birth as well as his social security number in an exhibit that was attached to the state court complaint, which is information prohibited by Nebraska law from its public disclosure in a court filing.  Neb. Ct. R. § 6-1464(A).

14.    The Nebraska Supreme Court has issued Uniform County Court Rules of Practice and Procedure governing how lawsuits are filed and what information is, and is not, to be contained in filings with the various county courts of Nebraska.  Neb. Ct. R. § 6-1464(A) states in pertinent part as follows:

> This rule seeks to prevent birth dates, Social Security numbers, and financial account numbers of all persons, including minor children, from being included in court records generally available to the public.

15.    Neb. Ct. R. § 6-1464(B) mandates that this information shall be set forth in a separate document and that the document is confidential and shall not be made part of the court file or provided to the public pursuant to Neb. Ct. R. § 6-146(A).

16.    Defendant B & Q violated Neb. Ct. R. § 6-1464 by including the financial account number of the original loan, Plaintiff's date of birth as well as his social security number, in the state court complaint.

17.    This illegal inclusion of personally identifiable and protected financial data, made in connection with the collection of a debt by this Defendant, is also an otherwise

false, deceptive and unfair collection practice which threatened to take an action that Defendant B & Q was not entitled to take in a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10) and 1692f, amongst others, as well as an invasion of Plaintiff's financial privacy.

### *Respondeat Superior Liability*

18.     The acts and omissions of Defendant B & Q, and the other debt collectors employed as agents by Defendant B & Q, were committed within the time and space limits of their agency relationship with their principal, Defendant B & Q.

19.     The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant B & Q in collecting consumer debts.

20.     By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant B & Q.

21.     Defendant B & Q is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA.

### <u>SUMMARY</u>

22.     All of the above-described collection activity conducted by Defendant B & Q was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein and an invasion of Plaintiff's

privacy.

## TRIAL BY JURY

23.     Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Cons. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The foregoing acts and omissions of each Defendant and its agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

26.     As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

28.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

29.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
> 15 U.S.C. § 6801(a) (emphasis added).

30.     Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of this Plaintiff, by unlawfully attempting to collect a debt by disclosing personally identifiable financial account record information, along with highly sensitive personal identifiers such as Plaintiff's date of birth and social security number and thereby invaded Plaintiff's privacy.

31.     Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

32.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

33.     The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in the intrusion and invasion of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

34.     As a result of such intrusion and invasion of privacy, Plaintiff is entitled to actual and punitive damages from Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff;

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from the Defendant for the emotional distress

suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

- And, such other and further relief as the Court deems just and equitable.

Dated: September 30, 2014                    Respectfully submitted,

                                             Arlen Tschudin, Plaintiff

                                             s/ Burke Smith
                                             Burke Smith, #19883
                                             Burke Smith Law
                                             10730 Pacific Street, Ste. 213
                                             Omaha, NE 68114
                                             Telephone: (402) 718-8865
                                             Fax: (402) 218-4391
                                             E-mail: burke@burkesmithlaw.com

                                             and

                                             Peter F. Barry
                                             Attorney for Plaintiff
                                             Minnesota Bar Number: 0266577
                                             **BARRY & HELWIG, LLC**
                                             2701 University Ave SE, Suite 209
                                             Minneapolis, MN55414
                                             Telephone: (612) 379-8800
                                             E-mail: pbarry@lawpoint.com

                                             **ATTORNEYS FOR PLAINTIFF**