IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARLEN TSCHUDIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRUMBAUGH & QUANDAHL, ) <br> P.C., LLO, ) <br> ) <br> Defendant. ) <br> ) | 8:14CV299 <br><br> **MEMORANDUM** <br> **AND ORDER** |

  Plaintiff Arlen Tschudin alleges that after he defaulted on a student loan obtained in 2005, the debt was transferred for collection to defendant Brumbaugh & Quandahl, P.C., LLO ("B & Q"), a law firm. In October 2013, B & Q filed a collection action against Plaintiff in the County Court of Madison County, Nebraska. (Filing 1, Complaint ¶¶ 5, 7, 8, 10, 11.) Plaintiff alleges that attached to B & Q's state court complaint were exhibits that contained Plaintiff's loan account number, his date of birth, and his social security number. (Filing 1, Complaint ¶¶ 12, 13.) B & Q admits that it "inadvertently failed to redact the loan number, [Plaintiff's] social security number, and/or date of birth." (Filing 7, Def.'s Br. Supp. Mot. Dismiss at CM/ECF p. 1.)

  Plaintiff alleges that B & Q's failure to redact this information from the state court filings constituted a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and invasion of privacy under Nebraska law. B & Q has filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Filing 6.)

*Standard of Review*

To survive a motion to dismiss based on Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). This "plausibility standard" is not one of probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations and quotations omitted).

*FDCPA Claim*

Plaintiff asserts that B & Q's failure to redact his loan account number, date of birth, and social security number in state-court pleadings violated 15 U.S.C. § 1692d ("A debt collector[1] may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."); 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); and 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."), as well as Rule of the Supreme Court/Court of Appeals of the State of Nebraska § 6-1464 (2014), which governs the protection of personal and financial information in civil county court records.

To support his claim, Plaintiff primarily relies upon a seven-page list of examples illustrating that "every branch of government [and] a broad spectrum of the

---

[1]The parties do not dispute that B & Q, a law firm, qualifies as a "debt collector" within the meaning of the FDCPA.

private sector[] uniformly agree[] that highly sensitive personal identifiers must not be publicly disclosed." (Filing 9, Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at CM/ECF p. 8-16.) Plaintiff asserts that *not* finding a violation of the FDCPA in this case would "fl[y] in the face of regulatory, legal, and social realities facing a country that has been flooded with identity theft." (*Id*. at CM/ECF p. 20.)[2] However, the fact that many people, entities, and organizations abhor disclosure of personal information without permission does not mean the FDCPA creates a cause of action for such disclosure.

> The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Congress sought to prevent abusive practices including "threats of violence; . . . the publishing of 'shame lists'; harassing or anonymous telephone calls; impersonating a government official or attorney; . . . obtaining information under false pretenses; [and] collecting more than is legally owing." S. Rep. No. 95–382, reprinted in 1977 U.S.C.C.A.N. 1695, 1698 (1977).

*McIvor v. Credit Control Svs., Inc.*, No. 14-1164, ___ F.3d ___, 2014 WL 6805380 (8th Cir. Dec. 4, 2014).

What B & Q claims was its inadvertent failure to redact certain information from court pleadings in a state debt-collection action against Plaintiff simply cannot be construed as a "false, deceptive, or misleading representation" or "unfair or

---

[2]Plaintiff cites one case to support his argument, *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014), which held that a debt collector's disclosure of a debtor's account number through the transparent window of an envelope that contained a collection letter violated § 1692f(8) of the FDCPA, which limits the language and symbols a debt collector may place on envelopes it sends to consumers. *Douglass* is distinguishable because the conduct at issue here is not "unfair" or "unconscionable" direct communication with the debtor, but rather, the defendant's filing of relevant, necessary—but mistakenly unredacted—documents attached to a complaint in a legitimate lawsuit against the debtor.

unconscionable means" in connection with the collection of a debt, nor is it "conduct[,] the natural consequence of which is to harass, oppress, or abuse" the plaintiff. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f. The few courts addressing similar claims in FDCPA lawsuits agree. *See Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06C2379, 2008 WL 5211024 (N.D. Ill. Dec. 11, 2008) (dismissing as time-barred plaintiff's claim that defendants violated § 1692d of FDCPA by including plaintiff's social security number in exhibits in state-court debt-collection lawsuit, but "question[ing]" whether § 1692d contemplated such a claim, stating: "[U]nder § 1692d, we do not think that filing an exhibit in a lawsuit is conduct, the natural consequence of which is to harass, abuse or oppress. The document containing [plaintiff's] social security number was a copy of the application for credit at issue in the case, was relevant to the case, and was legitimately filed. . . . [T]his is simply not the type of behavior contemplated by § 1692d."); *Pittenger v. John Soliday Financial Group, LLC*, No. 1:09-CV-00563, 2010 WL 1856224 (N.D. Ohio May 10, 2010) (defendants did not violate FDCPA by disclosing plaintiff-debtor's social security number, birth date, and other personal information in attachment to complaint filed in state court collection action, stating that defendants "filed a relevant exhibit in a legitimate lawsuit that happened to contain personal information. This does not constitute conduct, the natural consequence of which is to harass, abuse or oppress, within the meaning of the FDCPA."); *Elyazidi v. Suntrust Bank*, No. DKC 13-2204, 2014 WL 824129 (D. Md. Feb. 28, 2014) (failure to redact social security number from documents attached to bill of particulars in state debt-collection action did not constitute "unfair and unconscionable" debt-collection practice under 15 U.S.C. § 1692f; citing *Pittenger* and *Feltman* and noting that "the disclosure was likely an oversight that was cured by redaction of the relevant documents").

Therefore, the defendant's Rule 12(b)(6) motion to dismiss Plaintiff's FDCPA claim will be granted. Further, the FDCPA claim will be dismissed with prejudice because amendment of the complaint cannot create a cause of action under the FDCPA where none exists.

## *State-Law Invasion of Privacy Claim*

"When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually 'will point toward declining to exercise jurisdiction over the remaining state law claims.'" *In re Canadian Import Antitrust Litigation*, 470 F.3d 785, 792 (8th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). *See also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed . . . ."). Indeed, the Court of Appeals has "stress[ed] the need to exercise judicial restraint and avoid state law issues wherever possible." *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).

Therefore, I shall dismiss Plaintiffs's state-law invasion of privacy claim without prejudice. *See Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam) (while district court had discretion to dismiss state-law claims, such claims should have been dismissed without prejudice).

IT IS ORDERED:

1.	Defendant's Motion to Dismiss (Filing 6) pursuant to Fed. R. Civ. P. 12(b)(6) is granted as to Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, and such claim is dismissed with prejudice;

2.	Plaintiff's state-law invasion of privacy claim is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3);

3.	Defendant's Motion to Strike (Filing 11) exhibits (Filing 10) filed with Plaintiff's response to Defendant's Motion to Dismiss is denied as moot, as the court

did not consult or review such exhibits in disposing of Defendant's Motion to Dismiss;

    4.    Judgment shall be entered by separate document.

DATED this 18th day of December, 2014.

                                  BY THE COURT:
                                  *Richard G. Kopf*
                                  Senior United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.